In re Robert N. PALMER, Debtor.

Anton WENZOSKI, et al., Plaintiffs,

v.

Robert N. PALMER, Defendant.

Bankruptcy No. 82–02047.
Adv. Nos. 82–0778, 82–0782.

United States Bankruptcy Court,
D. Oregon.

Nov. 23, 1982.

Bradley O. Baker, Portland, Or., for defendant.

H. Paul Montgomery, Portland, Or., Thomas H. Carver, Los Angeles, Cal., for plaintiffs.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

On October 12, 1982 the plaintiffs filed a complaint in Adversary No. 82–0782 and a complaint in Adversary No. 82–0778. In 82–0782 the complaint is entitled "Complaint For 1. Relief From Automatic Stay 2. Modification of Automatic Stay." In 82–0778 the complaint is entitled "Complaint For Order Denying Dischargeability and Vacating Stay." The defendant thereafter filed motions to dismiss each of the complaints. The plaintiffs waived the time restrictions imposed by 11 U.S.C. § 362(e).

## AUTOMATIC STAY

A long history of litigation in several courts in this state and in the state of California precedes this bankruptcy case. Only a part of this history is relevant to the present bankruptcy case.

On September 7, 1973 a judgment was entered in action No. 62826 in the Superior Court of California for Marin County in favor of the plaintiff class and against Robert W. Pollock, the United Financial Group, and a number of parties defendant both individual and corporate in the amount of $66,900,000. The debtor herein was not a party to this action.

On March 23, 1976 an action was filed by the plaintiff class, judgment creditors in action number 62826, in the Superior Court for the State of California for Marin County which is designated as No. 79255. The debtor herein was not named as a defendant in the complaint filed in No. 79255 but the complaint did name a number of John Does. About November 6, 1980 a second amended and supplemental complaint was filed which named the debtor herein as a defendant. Along with the debtor this second amended complaint specifically names over 50 individual and corporate defendants. The second amended complaint recites the entry of the judgment in number 62826 and that the judgment was based upon schemes of Robert Pollock, of corporations controlled by him, and certain of the defendants, to defraud prospective investors made up of the plaintiff class. It alleges that the defendants in number 79255 conspired with Robert Pollock to collaborate in certain fraudulent distribution and sale schemes, to conceal from the plaintiffs facts and evidence of transactions with funds placed by the plaintiffs with Robert Pollock and other defendants, and to avoid payment of the judgment entered in number 62826. In paragraph 64 there are 16 separate subparagraphs each naming specifically one or more of the defendants and alleging actions taken in furtherance of the conspiracy. Subparagraph m alleges:

"m. Robert Palmer was employed by Standard Investment Company as a stock broker, in 1968, 1969, and 1970, and as a construction superintendent in 1971; and by Royal Real Estate, during the period from 1972 to the present date. He has assisted in the conversion of stocks, real estate and other property, from the beneficial ownership of the plaintiffs to the personal profit and use of Robert Pollock and the other defendants herein and to conceal such property, so it would not be subject to execution, to satisfy the Judgment entered in Action 62826."

These allegations appear to assert not that Palmer was a part of the conspiracy upon which the judgment in 62826 was based, but that Palmer, subsequent to the entry of the judgment, assisted in the conversion and concealment of property to pre-

vent collection of the judgment. The allegations concerning Palmer are different from the allegations contained in the other 15 subparagraphs of paragraph 64.

11 U.S.C. § 362(d), in so far as relevant to this bankruptcy case, provides that relief from the stay shall be granted "for cause".

The plaintiffs assert that relief from the stay should be granted in order to permit them to proceed against the debtor in number 79255 along with the other defendants in that action when it is tried. The plaintiffs recognize that the determination of the dischargeability of any debt owing to them by the debtor which might be established by a judgment in number 79255 is within the exclusive jurisdiction of this bankruptcy court. They assert that the liability of the debtor should be established in the case pending in California and that this court could then determine whether or not any liability established in that case is or is not dischargeable. They contend that the expenses of the plaintiff would be increased if the matters of both liability and dischargeability were to be tried in this court. On the other hand the debtor asserts that his expenses would be greatly increased were he required to first defend the case in California and then defend the complaint for dischargeability in this court.

From the allegations of the second amended complaint in the California case it appears that Robert Pollock owned or controlled the various corporations involved in the fraudulent investment schemes. The complaint does not allege what connection Palmer may have had to Pollock or his corporations other than that Palmer is Pollock's brother in law. Nor does the complaint allege any reason why Palmer was involved in any scheme to prevent collection of the Judgment in number 62826 or in what manner Palmer was to benefit from such an alleged scheme. If Palmer did convert or assist in the conversion of property of the plaintiffs or of property of the defendants in number 62826 which could have been reached to satisfy the judgment, the measure of damages would not be the amount of the judgment but rather the

value of the property converted. The claims against other defendants in number 79255 are not similar to the claim made against Palmer. To require that Palmer defend the California case would be to require him to attend a trial that could involve weeks or months in which the evidence for and against other defendants would not be related to the claim against him.

The California case has now been pending for over 7 years. A trial date has not been set and will not be set until a conference scheduled for January 1983. There is no assurance that at that time all of the parties will be ready for trial.

One of the major purposes of bankruptcy is to provide the debtor with a fresh start. The law contemplates that a discharge be promptly granted if no objections to discharge are filed. In this case a discharge was entered on November 8, 1982. It is also important for the debtor's fresh start that he know promptly what debts will be excepted from the effect of a discharge.

Were relief from the stay granted and the plaintiffs permitted to proceed against Palmer in the California case it would still be possible that this court might determine that the debt was dischargeable. Economy of judicial effort and expense to the parties would be served by trying both issues of liability and dischargeability in this court.

The court finds that the plaintiffs have failed to show cause for relief from the stay provided by 11 U.S.C. § 362. An order will be entered herein denying such relief.

## DISCHARGEABILITY

In response to the plaintiffs' complaint for an order denying dischargeability and vacating stay, the defendant filed a motion to dismiss upon the ground that the complaint fails to state grounds for relief under 11 U.S.C. § 523. In order to rule upon the motion to dismiss, it is necessary to analyze the allegations of the complaint.

The complaint first alleges that the court has jurisdiction under 11 U.S.C. §§ 362, 363

and 523(a)(6). Section 362 relates to the automatic stay and relief therefrom. The court has above dealt with the request for relief from stay. Section 363 relates to the use, sale or lease of property by a trustee or a debtor. There are no allegations in the complaint which would make this section applicable to the case. Section 523(a)(6) renders nondischargeable a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

In paragraph 1 plaintiff asserts that a judgment was obtained on September 27, 1973 in the Superior Court of the State of California for the County of Marin against one Robert W. Pollock, and others in Action No. 62826. Neither in paragraph 1 nor in any other paragraph is there an allegation that Palmer was a party to that action or that a judgment was rendered against him.

Paragraph 2 of plaintiffs' complaint alleges the institution of action No. 79255 in the Superior Court of the State of California for the County of Marin on March 23, 1976. In paragraph 2 the plaintiff alleges that, in said action, plaintiff alleged a collaboration scheme and a conspiracy by defendant with Robert W. Pollock. At no point in paragraph 2 is there an allegation of a conspiracy by defendant with Robert W. Pollock. Rather, there is merely an allegation that, *in another legal proceeding,* such an allegation appears.

In paragraph 3 of the complaint plaintiff alleges that, in action No. 79255, certain default judgments have been taken, including a default judgment against Sandra Pollock. Nowhere in paragraph 3 is there an allegation that such a judgment was taken against this defendant.

In paragraph 4 plaintiff alleges that action No. 79255 had been the subject of an amended complaint. Paragraph 4 goes on to allege the relief requested in that action, including the imposition of a constructive trust. There is no allegation within paragraph 4 of any wrong doing on the part of this defendant nor of any assets of this defendant upon which a constructive trust could be imposed. Rather, there is merely an allegation that the amended complaint contains allegations against the defendant.

Paragraph 5 of plaintiffs' complaint merely asserts the existence of a claim but fails to set forth any actions taken by this defendant which are willful or malicious or which have affected plaintiffs in any way.

In paragraph 6 plaintiff alleges that he has previously filed a complaint in this court to avoid the stay relative to action No. 79255.

In paragraph 7 plaintiff alleges that Sandra Pollock and Robert Pollock have filed a Petition for Bankruptcy in the Northern District of California. Apparently, in said action the Pollocks listed the indebtedness to plaintiffs referred to in this proceeding. It also alleges that the receiver in action No. 62826 has authorized the plaintiffs to file action in this court to collect the judgment in action No. 62826. It further alleges that the receiver and trustee has a lien on all property of Robert Pollock, Sandra Pollock and named companies transferred in payment of fees or commissions to the debtor herein.

In paragraph 8 it is alleged that a certain action (No. 78544) was brought in the Superior Court of the State of California for the County of Marin in which a judgment was entered in January of 1981. Although not directly alleged, it may be that the plaintiffs are asserting that this judgment enjoined Robert Pollock and his agents from prosecuting lawsuits against the plaintiffs. It is alleged that the present bankruptcy proceeding was filed for the sole purpose of interfering with the collection by plaintiffs of the judgment in action No. 62826 and to delay the trial of action No. 79255. Again, although not directly alleged, the plaintiffs may be contending that the filing of this bankruptcy proceeding was in violation of the injunction entered in No. 78544. One might assume such a contention since the plaintiffs allege that the judgment in No. 78544 is entitled to full faith and credit. However it is not alleged that Palmer was a party to action No. 78544. Full faith and credit does not ren-

der material to the present proceeding a judgment entered in an action to which Palmer was not a party. Palmer's right to file bankruptcy should properly be attacked by a motion to dismiss the bankruptcy case rather than by an action to determine the dischargeability of a debt.

In paragraph 9 it is alleged that a final judgment of nondischargeability of the debts asserted in actions Nos. 62826, 78544 and 79255 was entered against Sandra L. Pollock and Robert W. Pollock in a bankruptcy case filed by them. Plaintiff then alleges that the judgment of nondischargeability against Robert W. Pollock and Sandra L. Pollock is res judicata as to the dischargeability of the alleged debt of this defendant. At no point is there an allegation that Robert N. Palmer was a party to that proceeding which determined the dischargeability of the debt of Robert W. Pollock and Sandra L. Pollock. There is no allegation that he was in privity with the defendants in said proceeding.

The only exhibit attached to the complaint is a copy of a certification by the Clerk of the United States Bankruptcy Court for the Northern District of California that an annexed instrument is a true and correct copy of an original judgment entered in the bankruptcy case of Robert W. Pollock and Sandra L. Pollock. A copy of the judgment is not attached.

The above analysis of the complaint for dischargeability, taken in great part from the memorandum of law filed by the defendant, has been time consuming on the part of the court. Seldom has this court examined a complaint which was so indirect in its allegations, contained so many allegations which are completely immaterial to the claim for relief, and demonstrated such lack of understanding of basic principles of law.

In summary, the complaint fails to allege that any judgment has been entered in favor of the plaintiffs and against the defendant in any court. The complaint fails to allege that the defendant has caused any injury to the plaintiffs or to any property of the plaintiffs. At most the complaint mere-ly alleges that it has been alleged in other suits or actions that the defendant has caused injury to the plaintiffs. The defendant should not be required to answer such indirect allegations. The complaint should allege directly whatever acts of the defendant the plaintiffs assert have caused them injury. If it is the theory of the plaintiffs that the defendant conspired with others to prevent collection upon a judgment held by them against others and that they have been injured thereby, they should say so directly rather than by stating that in some instrument filed in another court they have so alleged.

There are numerous allegations in the complaint which are immaterial to the questions of whether the defendant has caused injury to the plaintiffs or their property and whether any debt arising therefrom should be held nondischargeable under § 523(a)(6). It is immaterial to these questions that there may have been a default judgment rendered against Sandra Pollock in some other action without some allegation showing a connection between such judgment and the defendant herein. It is immaterial that another bankruptcy court has held that the liability of Robert W. Pollock and Sandra L. Pollock to the plaintiffs is nondischargeable. The rules of res judicata and collateral estoppel do not make this finding of nondischargeability binding upon the defendant herein since he was not a party to and had no duty nor opportunity to defend that case. The allegations of paragraph 8 are not material to the questions of liability and dischargeability. If the filing of this bankruptcy case was in violation of the law, the proper procedure to raise this question would be by a motion to dismiss the bankruptcy case.

An order will be entered herein dismissing the plaintiffs' dischargeability complaint with leave to file an amended complaint.